HEARD APRIL TERM, 1878.

## STATE *vs.* STRICKLAND.

A count for burglary, which is a felony, and a count for receiving stolen goods, which is a misdemeanor, may be joined in the same indictment.

A count in an indictment for grand larceny which does not conclude against the form of the statute, &c., or against the peace and dignity of the State, &c., is fatally defective.

BEFORE NORTHROP, J., AT ANDERSON, SEPTEMBER TERM, 1877.

This was an indictment against William B. Strickland and two others. William B. Strickland was found guilty on the second count. He moved in arrest of judgment, and, the motion having been refused, he appealed to this Court.

The opinion of the Court contains everything that is necessary to a full understanding of the case.

*McGowan & Moore, Whitner & Breazeale*, for appellant.

*Cothran, Solicitor*, contra.

September 21, 1878.   The opinion of the Court was delivered by

McIver, A. J.   The indictment in this case contains four counts. In the first, the appellant "and other evil-disposed persons, to the jurors unknown," are charged with burglary and larceny in breaking into and entering the dwelling house of one Elias D. Pruitt, with intent to steal the goods of said Pruitt, and stealing therefrom bacon of the value of forty-five dollars and lard of the value of twenty-five dollars.   In the second count the same parties are charged with the simple larceny of the same goods.   In the third count Benjamin Strickland and Abner Strickland are charged as accessories before the fact to the larceny charged in the second count.   And in the fourth count Benjamin and Abner Strickland are charged with the offense of receiving stolen goods, by buying and receiving the goods so stolen as above charged, from the parties charged with the stealing.   All of the counts in the indictment, except the second, conclude in the usual form, "contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State," but the second count contains no such conclusion either against the statute or against the peace and dignity of the State.   The jury found a verdict of not guilty upon all the counts of the indictment except the second, and upon that their verdict is, "we find Wm. B. Strickland guilty under the second count of this indictment."

A motion in arrest of judgment was made in the Circuit Court on two grounds: 1st. Because the second count of the indictment, under which defendant was convicted, is fatally defective in not containing the necessary conclusion.   2d. Because the indictment is fatally defective in that it contains a count for burglary, a felony, and a count for receiving stolen goods, which is a mere misdemeanor, as two such counts cannot be joined in the same indictment. The motion was refused by the Circuit Judge, and an appeal was taken upon the same grounds as were relied upon in support of the motion below.

We will consider the second ground first.   Since the case of the State vs. *Boise and Strike,* (1  McM., 189,) followed by the cases of the *State* vs.  *Posey,* (7 Rich., 490,) and *State* vs. *Nelson,* (14 Rich., 169,) there can be no doubt of the correctness of the decision below, so far as this ground for the motion is concerned.

The first ground, however, presents a more serious question. The well-established rule of criminal pleading is, that all indictments, whether for offenses at common law or by statute, must conclude against the peace and dignity of the sovereign within whose territory the acts charged were committed, (1 Ch. Cr. Law, 246; Arch. Cr. Pl., 8th edition, 288; Whart. Pr., 11–12,) and this rule has been incorporated into the Constitution of this, as well as many if not all of the other States of the Union. Our Constitution of 1868, in Article IV, Section 31, declares that "all indictments shall conclude against the peace and dignity of the State," which is very much the same as the provision found in Section 2, Article III, of the Constitution of 1790. It is likewise the rule that where an offense is created by statute, or where its nature and degree is changed or the punishment altered by statute, the indictment should, in addition to the conclusion, "*contra pacem*, &c.," also contain the conclusion contrary to the form of the Act (not Acts in the plural as suggested in the argument in *State* vs. *Robins*, 1 Strob., 355).—1 Ch. Cr. Law, 290; Arch. Cr. Pl., 290; *State* vs. *Riply*, 2 Brev., 300; *State* vs. *Gray*, 14 Rich., 174.

Now, as the count in this indictment, under which the appellant has been convicted, contains neither of these required conclusions, it is very clear that the judgment must be arrested, unless this defective count can be aided by incorporating into it the necessary conclusions from some of the other counts containing such conclusion. It is doubtless true that where an indictment containing several counts, all of which are ignored except the last, in which the party charged is designated as "the said A B," without further description, reference may be had to the first count in which the party charged is designated by his proper name and "additions," as required by the Statute of Additions, (1 H., 5 Ch., 5,) or, to use the language of Chitty in his work on Criminal Law, p. 250, "though every count should appear upon the face of it to charge the defendant with a distinct offense, yet one count may refer to the matter in any other count so as to avoid unnecessary repetition, as for instance to describe the defendant as 'the said, &c.'; and though the first count should be defective or be rejected by the grand jury, this circumstance will not vitiate the residue." An instance of the application of this principle will be found in the case mentioned by Gould, J., in *Phillips* vs. *Trelding*, (2 H. Bl., 131,) where the in-

dictment was for forgery, in which there were three counts charging the forgery and three charging the uttering of the forged paper.

In the first count the prisoner was particularly described, and, the grand jury having ignored the first three counts, an objection was raised that the remaining counts merely described him as " the said A B," without the addition of his degree, estate, mystery or place of residence; but the Judges held that the description was sufficient, as the latter counts might refer to the former. So also in the case of *Commonwealth* vs. *Clapp*, (16 Gray, 237). The complaint was by Henry H. Dean, of Easton, in the County of Bristol, charging "Eustis K. Clapp, of Easton, in the County of Bristol," as a common seller of liquors, with a second count for a single sale, in which the defendant was described simply as " the said Eustis K. Clapp." .The defendant having been convicted on the second and acquited on the first count, a motion in arrest of judgment was made upon the ground of insufficient description of the defendant in the second count; but the Court held that reference might be had to the first count to make the description complete.

Thus while these authorities establish the proposition that, so far as the description of persons is concerned, one count in an indictment may refer to matter in a preceding count so as to avoid unnecessary repetition, and that if the count so referred to is ignored by the grand jury or rejected by the petit jury, it will not vitiate the other count, they are very far from establishing the proposition contended for by respondent in this case—that in an indictment containing several counts, one of which is fatally defective, in that it omits a material allegation, such defect can be supplied by reference to another count, under which the defendant has been acquitted, containing no such defect, especially when, as in this case, the defective counts contains no words as " the said, &c.," or any like words inviting such reference. It seems to us that there is a vast difference between allegations as to mere matters of description and allegations essential to the legal charging of the offense.

It is a well-established rule of criminal pleading that every indictment for certain offenses must contain certain words. For example: "Every indictment for treason must contain the word 'traitorously,' every indictment for felony must contain the word 'feloniously.'" Now, if in an indictment for some felony, containing several counts, all of the counts should contain the word "feloniously" except one, and upon that alone the defendant should be

convicted, and acquitted upon all the others, is it not clear that no judgment for felony could be passed? So here, where the only count in the indictment upon which the defendant has been convicted omits what is equally essential, in fact more so, as it is specially required by the Constitution,—the conclusion—the same result must follow.

That these views are not without the support of adjudicated cases may be seen by reference to the following cases: *State* vs. *Soule*, 20 Maine, 2 App., 19; *Commonwealth* vs. *Carney*, 4 Gratt., 546; *Baker* vs. *The State*, 4 Ark., 56; *United States* vs. *Davenport*, 1 Deady, 264. The case of *Davis* vs. *The State*, (19 Ohio, 270,) cited by the counsel for respondent, we do not think in point. That case, in brief, was this: By the Constitution of the *State of Ohio* it was required that all prosecutions should be carried on "in the name and by the authority of the *State of Ohio.*" This did appear in the caption of the indictment, and all that the case decides is that, it having so appeared in the caption of the indictment, it need not again be averred in each successive count; and hence when the indictment contained several counts, and a *nolle prosequi* was entered as to the first, the remaining counts will not thereby be rendered defective for want of that averment. Now, as " the caption of the indictment is no part of the finding of the grand jury," (*Vandyke* vs. *Dare*, 1 Bail., 65,) and as it may be amended at any time by the journals of the Court, (*The State* vs. *Williams*, 3 McC., 301; *Vandyke* vs. *Dare, supra,*) it is very clear that this case throws no light on the question under consideration, as the *nolle prosequi* could not be regarded as extending to the caption. The case of *Rice* vs. *State*, (3 Heisk., 220,) principally relied on by the respondent's counsel, does seem to support his view. In that case the Court does say that while "it is held that each count in an indictment must be a complete indictment in itself. *  *  *  * This, we think, refers to the description of the offense and not to the formal conclusion. And it seems that the good and bad counts may, by apt reference and averment, become so incorporated in each other that the principal count and the matter borrowed for the other may constitute, together, a complete accusation. The count of the indictment now in judgment, which charges the larceny, does not conclude ' against the peace and dignity of the State,' and, if it stood alone, would be bad for the want of the proper conclusion. But the last count does have the proper conclusion, and we

hold this to be sufficient, and that the conclusion ' against the peace and dignity of the State,' in the last count, relates to all other preceding counts." The Court, however, seems to have distrusted the correctness of its conclusion, for, after saying that there was a general verdict of guilty, and that, according to a well-established rule of criminal pleading, " upon a general verdict, upon an indictment containing several counts, where some are good and others bad, the Court will pronounce judgment upon the good counts upon the presumption that it was to the good counts the verdict attached," and, after saying that this presumption is only *prima facie,* and, therefore, where the proof set out rebutted such presumption the judgment would be arrested, proceeds as follows: " In this case we cannot say, upon the facts, that the verdict specially attaches to the count alleged to be bad for want of the proper conclusion, and therefore the presumption of law would relieve us of all difficulty on that question, even if we held the exception fatal." We do not think this single decision (and we have been unable to find any other, and none is cited to us,) sufficient to upset what we regard as a well-established rule of pleading—that each count in an indictment must contain all the essential elements of a complete indictment, at least so far as alleging the offense charged is concerned, and that one of those essential elements is the proper conclusion. The gist of every offense, in a legal point of view, and the foundation of the right to punish one who commits it is the fact that it is in violation of some law of the State, and, therefore, the authorities of the State cannot properly render judgment for the punishment of an act which is not alleged to have been done in violation of such law. But even were the case of *Rice* vs. *State* to be regarded as authority binding upon us, it would not apply to the case now under consideration. That case decides that where the *last* count in the indictment contains the proper conclusion it may be regarded as relating to all the preceding counts *against the same defendant,* and thus, where one of the preceding counts contains no such conclusion that defect may be supplied by the last. But in the case now before the Court, the third and fourth counts charge no offense whatever against the appellant, but only against others who are not convicted, and it would be straining the Tennessee decision very far to say that the conclusion of a count against A B could be held to relate to a preceding count against C D.

The judgment of the Circuit Court is reversed, and the motion in arrest of judgment is granted.

*Willard,* C. J., and *Haskell,* A. J., concurred.